COURT OF APPEALS
DECISION
DATED AND FILED

February 2, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2021AP471-CR**

Cir. Ct. No.  **2018CF402**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT IV**

---

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

BRANDON S. MEEK,

   DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Columbia County:  TODD J. HEPLER, Judge.  *Affirmed*.

Before Blanchard, P.J., Fitzpatrick, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.   Brandon Meek appeals a judgment of conviction for one count of second-degree reckless injury and two counts of obstructing an officer.

Meek also appeals the order denying his motion for postconviction relief. He argues that he is entitled to plea withdrawal because the State breached the parties' plea agreement. He also argues that he was sentenced based on inaccurate information and that his sentence was unduly harsh. We affirm.

¶2   Meek was initially charged with one count of second-degree reckless injury as an act of domestic abuse, one count of disorderly conduct as an act of domestic abuse, two counts of obstructing an officer, and one count of threatening law enforcement officers. According to the complaint allegations, Meek placed A.B. in a chokehold and slammed her onto a bed, breaking vertebrae in her neck, and doctors told her that she would never walk again.[1] It was further alleged that Meek resisted police officers' efforts to arrest him and that he yelled, "You're all dead men!" at the officers.

¶3   The parties entered into a plea agreement under which Meek pled no contest to the second-degree reckless injury charge and the two obstructing charges. The remaining charges were dismissed and read in for sentencing purposes. As part of the plea agreement, the State agreed to "cap its sentencing recommendation to no more than three years of prison."

¶4   At sentencing, the question arose whether the State's agreement to recommend no more than "three years of prison" meant a bifurcated term of imprisonment that included no more than three years of initial confinement or, instead, a bifurcated term of imprisonment of no more than three years total. The prosecutor stated that "[i]t would be my inclination that that would mean three years

---

[1] We use the initials A.B. to protect the victim's privacy. *See* WIS. STAT. RULE 809.86. All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

of initial confinement, but I am not for certain" and that "my preference would be for at least the three years of initial confinement."[2]

¶5    The circuit court sentenced Meek on the reckless injury charge to an eleven-year bifurcated sentence consisting of six years of initial confinement and five years of extended supervision. The sentence was one and one-half years less than the maximum. *See* WIS. STAT. §§ 940.23(2)(a), 939.50(3)(f), and 973.01(2)(b)6m. (2015-16). The court sentenced Meek on each of the two obstructing charges to the maximum of nine months, *see* WIS. STAT. §§ 946.41(1) and 939.51(3)(a) (2015-16), with those sentences being concurrent with one another but consecutive to the reckless injury sentence.

¶6    Meek filed a motion for postconviction relief. The circuit court held an evidentiary hearing at which Meek and Meek's trial counsel testified. The court denied Meek's motion. This appeal follows.

¶7    Meek first argues that he is entitled to plea withdrawal because the State breached the parties' plea agreement with respect to the State's sentencing recommendation. He contends that the agreement was ambiguous as to whether the State was required to recommend no more than three years of initial confinement or instead was required to recommend a bifurcated prison sentence totaling no more than three years. Meek argues that this ambiguity in the plea agreement should be construed against the State.

¶8    "Whether the State breached a plea agreement is a mixed question of fact and law." *State v. Naydihor*, 2004 WI 43, ¶11, 270 Wis. 2d 585, 678 N.W.2d

---

[2] The prosecutor who appeared at Meek's sentencing was not the prosecutor who had entered into the plea agreement or appeared at Meek's plea hearing.

220. "The precise terms of a plea agreement between the State and a defendant and the historical facts surrounding the State's alleged breach of that agreement are questions of fact." *Id.* "On appeal, the circuit court's determinations as to these facts are reviewed under the clearly erroneous standard." *Id.* "Whether the State's conduct constitutes a material and substantial breach of the plea agreement is a question of law that this court reviews de novo." *Id.*

¶9    We conclude that Meek's argument that the State breached the plea agreement is defeated by factual findings that the circuit court made at the postconviction hearing. The court accepted Meek's counsel's testimony in which counsel stated that he had explained to Meek more than once that the State's agreement to cap its recommendation to three years of prison referred to the term of initial confinement. The court found that Meek's testimony to the contrary about his understanding of the agreement was not credible. Based on the court's findings, we conclude that there was no breach of the plea agreement and, therefore, that Meek is not entitled to plea withdrawal based on the alleged breach.[3]

¶10    Meek also appears to argue that he is entitled to plea withdrawal because his plea was not knowing and voluntary. However, Meek's only basis for this argument is his alleged understanding that the State would recommend a

---

[3] Meek argues in the alternative that he should receive resentencing based on the State's breach of the plea agreement. Because we conclude that there was no breach, we need not address this argument further.

sentence of no more than three years total. For the reasons already stated, the circuit court's factual findings defeat this allegation.[4]

¶11 We turn next to Meek's argument that he was sentenced based on inaccurate information. "A defendant has a constitutionally protected due process right to be sentenced upon accurate information," and "[w]hether a defendant has been denied this due process right is a constitutional issue that an appellate court reviews de novo." *State v. Tiepelman*, 2006 WI 66, ¶9, 291 Wis. 2d 179, 717 N.W.2d 1. "A defendant who requests resentencing due to the circuit court's use of inaccurate information at the sentencing hearing must show both that the information was inaccurate and that the court actually relied on the inaccurate information in the sentencing." *Id.*, ¶26 (citations and internal quotation marks omitted). The defendant's showing of actual reliance must be by clear and convincing evidence. *State v. Travis*, 2013 WI 38, ¶22, 347 Wis. 2d 142, 832 N.W.2d 491.

¶12 If the defendant makes this showing, "the burden then shifts to the State to prove the error was harmless." *Id.*, ¶23. "The State can meet its burden to

---

[4] Meek moves for a remand to the circuit court to supplement the record with the Case Settlement Report stating the terms of the plea agreement in written form. He argues that the Report is relevant to show what the terms of the plea agreement were, whether the terms were ambiguous, and whether the terms were violated.

We deny the motion because the Case Settlement Report does not add any relevant information that was not already before the circuit court or that would affect our decision. Meek has provided a copy of the Case Settlement Report as an exhibit to his motion, and the Report states that the "State will cap at 3 yr prison." This written statement from the report was referenced on the record during the postconviction hearing. Further, the statement reflects no meaningful difference from the oral statement set forth on the record at the plea hearing.

prove harmless error by demonstrating that the sentencing court would have imposed the same sentence absent the error." *Id.*, ¶73.

¶13    Meek argues that the circuit court relied on inaccurate information at sentencing when the court referenced Meek's prior prison sentences. The court stated that Meek was previously "sentenced to prison a total of five times."[5] Meek argues that this statement is inaccurate because, although he received prison sentences on five separate felony counts, some of those sentences were imposed on the same day or in the same circuit court case, such that he was sent to prison on only two previous occasions.

¶14    We are not persuaded by this argument and instead agree with the State that Meek has failed to show that the circuit court relied on inaccurate information. The court's statement that Meek was "sentenced to prison a total of five times" is accurate, and Meek does not establish that the court misunderstood how many separate times Meek was previously sent to prison.

¶15    In his postconviction motion, Meek additionally claimed that the circuit court relied on inaccurate information when the court stated that Meek was convicted of two counts of battery and one count of disorderly conduct in a 1999 case. Meek argued in the circuit court that this statement was inaccurate because the 1999 case resulted in a civil forfeiture with the criminal charges dismissed. The State contends that Meek has now abandoned this additional claim for sentencing based on inaccurate information by failing to include the claim in his appellant's brief.

---

[5] The presentence investigation report similarly stated that Meek "has been sentenced to prison a total of five times."

¶16    We conclude that Meek has abandoned this additional claim for sentencing based on inaccurate information because he has not included argument on the claim in his appellant's brief. *See A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 493, 588 N.W.2d 285 (Ct. App. 1998) ("[W]hen a party fails to argue an issue in its main appeal brief, the appellate court may treat the issue as having been abandoned, even though the issue was presented to the trial court."). Meek references this claim in the background section of his briefing, but he develops no appellate argument relating to the claim.

¶17    Moreover, we conclude that, even if we were to address this additional claim on its merits, we would reject it. The circuit court acknowledged in its postconviction order that it made a mistake when referencing the 1999 charges. However, the court's stated rationale at the sentencing hearing shows that the court would have imposed the same sentence absent that error. The details of the 1999 charges were not a significant factor at sentencing. Rather, the court focused on other factors including most notably all of the following: Meek's failure to take responsibility and lack of remorse; Meek's history of abusiveness toward A.B. and his pattern of being unable to control himself; the gravity and violence of Meek's conduct resulting in a permanent life-changing injury to A.B.; and Meek's overall criminal history.[6]

¶18    We turn finally to Meek's argument that his sentence was unduly harsh. "A sentence is unduly harsh or unconscionable 'only where the sentence is so excessive and unusual and so disproportionate to the offense committed as to shock public sentiment and violate the judgment of reasonable people concerning

---

[6] As the circuit court noted in its postconviction order, the 1999 case "was merely one case the court recited when summarizing Mr. Meek's fairly long criminal history."

what is right and proper under the circumstances.'" ***State v. Cummings***, 2014 WI 88, ¶72, 357 Wis. 2d 1, 850 N.W.2d 915 (citation omitted).

¶19 Meek argues that his sentence was unduly harsh because the circuit court erred in finding that he lacked remorse, that he failed to take responsibility for his conduct, and that his conduct was intentional. However, the court's findings represent a reasonable view of the facts. Meek's disagreement with that view is not a basis to conclude that his sentence was unduly harsh. Although the overall sentence was near the maximum allowed, the court's sentencing rationale and the circumstances reasonably justified the punishment imposed. *See **id.***, ¶74 ("Near maximum sentences are not … automatically suspect.").

¶20 In sum, for the reasons stated above, we affirm the judgment of conviction and the order denying Meek's motion for postconviction relief.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.